IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| TIMOTHY DENNIS, | ) | |
| | ) | CASE NO. BK10-83290-TLS |
| Debtor(s). | ) | A11-8097-TLS |
| THOMAS D. STALNAKER, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| KATHY DENNIS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 12) and resistance by the defendant (Fil. No. 15). Daniel R. Carnahan represents the plaintiff, and Mark John Malousek represents the defendant. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

The bankruptcy trustee filed this adversary proceeding to recover an allegedly fraudulent transfer by the debtor. The defendant is the estranged spouse of the late debtor. The parties separated in December 2008, and Mrs. Dennis remained in the marital home. Shortly before filing bankruptcy in November 2010, the debtor transferred his interest in the residence to Mrs. Dennis for no consideration. The trustee believes that transfer was made with the intent to defraud Mr. Dennis's creditors, and he seeks to avoid the transfer under 11 U.S.C. § 548(a)(1) and recover the debtor's interest in the property.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, 557 U.S. 557, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The following facts are established by the record:

1. Mrs. Dennis has lived in the house at issue, located at 5361 North 33rd Avenue, Omaha, Nebraska, since July 1991. The home was owned by Mr. Dennis at that time.

2. Mr. and Mrs. Dennis married on September 4,1993.

3. On February 10, 1998, Mr. Dennis executed a survivorship warranty deed to put the property, legally described as the N 8 Ft Lot 47 and All of Lot 48 and ½ Vac. St. Adj Charles West Heights Addition, An Addition to the City of Omaha, Douglas County, Nebraska, in their names as joint tenants with right of survivorship.

4. The Dennises obtained a second mortgage on the house for home improvements in approximately 2004.

5. The mortgage note was and continued to be in both parties' names.

6. Less than $3,000.00 is currently owed on the mortgage note.

7. Mr. Dennis had been retired since 1997 or 1998. His total monthly income was $979.00 in Social Security benefits.

8. The parties shared the household expenses.

9. Mr. Dennis moved out of the house in December 2008. He removed all of his belongings from the residence and relinquished access to the premises.

10. Thereafter, Mrs. Dennis paid all of the household expenses, including the mortgage, insurance, and real estate taxes.

11. The parties did not divorce or legally separate.

12. On October 22, 2010, the parties executed a quitclaim deed to transfer the house to Mrs. Dennis.

13. On November 11, 2010, Mr. Dennis filed his Chapter 7 bankruptcy petition. Although he lived elsewhere, he listed the full value of the house on Schedule A and claimed a homestead exemption in its equity. He also listed the mortgage holder as one of his secured creditors.

14. The trustee's uncontested objection to the homestead exemption was granted.

15. On November 7, 2011, Mr. Dennis passed away.

16. The 2011 assessed value of the home is $43,400.00.

17. Mrs. Dennis filed a Chapter 7 petition on February 18, 2011. She listed the house as her residence and claimed a homestead exemption in it.

The trustee alleges the ownership transfer was made with the intent of defrauding creditors, thereby rendering the transfer avoidable by the trustee pursuant to 11 U.S.C. § 548(a)(1)(A).[1] The trustee further alleges that the transfer is avoidable under § 548(a)(1)(B) because the debtor transferred his interest in property within one year prior to filing for bankruptcy, receiving less than reasonably equivalent value in exchange and was insolvent when the transfer was made or became insolvent as a result of the transfer.

Section 548(a)(1)(A) deals with intentionally fraudulent transfers. Courts recognize that direct evidence of fraud by the debtor is difficult to produce, so the trustee may put on evidence of "badges of fraud." *Kelly v. Armstrong*, 206 F.3d 794, 798 (8th Cir. 2000). Those badges include but are not limited to: (1) actual or threatened litigation against the debtor; (2) a transfer of all or substantially all of the debtor's property; (3) insolvency on the part of the debtor; (4) a special relationship between the debtor and the transferee; and (5) retention of the property by the debtor after the transfer. *Id.* (quoting *Kelly v. Armstrong*, 141 F.3d 799, 802 (8th Cir. 1998)).

> If there is a confluence of the "badges of fraud," then the Trustee is entitled to a presumption of fraudulent intent. *See* [*Kelly v. Armstrong*, 141 F.3d 799, 802 (8th Cir. 1998)]. To overcome the presumption, a "'legitimate supervening purpose'" for the transfers must be shown by the bankrupt. *Id.* (quoting *In re Acequia, Inc.*, 34 F.3d 800, 806 (9th Cir. 1994)).

206 F.3d at 798.

---

[1] § 548 Fraudulent transfers and obligations.
    (a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily —
        (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
        (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
            (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation[.]

The trustee asserts that several of these badges of fraud are present because the debtor transferred the property – his only substantial asset – to his spouse[2] for no consideration a short time before filing bankruptcy, and he retained an interest in the property to the extent it was part of the marital estate which would have been equitably divided between the parties had they dissolved their marriage.

The burden then shifts to the defendant to come forward with a preponderance of evidence to overcome the presumption of fraudulent intent and demonstrate a legitimate supervening purpose for the transfer.

> There is no bright line test for what constitutes a legitimate supervening purpose; the issue is simply whether the presumption of fraud has been adequately rebutted. *See In re Bateman*, 646 F.2d 1220, 1223 n.4 (8th Cir. 1981) ("The burden which shifts now upon a showing of reasonable grounds is not a burden of going forward with the evidence requiring the bankrupt to explain away natural inferences, but a burden of proving that he has not committed the objectionable acts with which he has been charged.") (quoting *Shainman v. Shear's of Affton, Inc.*, 387 F.2d 33, 37 (8th Cir. 1967)).

*Aptix Corp. v. Quickturn Design Sys., Inc.*, 148 Fed. Appx. 924, 2005 WL 1433137 at *4 (Fed. Cir. June 21, 2005).

The badges of fraud apparent from the evidence on this motion do not provide overwhelming evidence of fraud. Mrs. Dennis testified that the property transfer essentially was in lieu of a property settlement upon marital dissolution. Whether that reason stands up to scrutiny remains to be seen, but both parties should be given the opportunity to put on such additional evidence at trial as they believe necessary in support of their respective positions.

Under § 548(a)(1)(B)(i), the trustee must demonstrate, by a preponderance of the evidence, that the exchange was not for reasonably equivalent value. *Kaler v. Able Debt Settlement, Inc. (In re Kendall)*, 440 B.R. 526, 532 (B.A.P. 8th Cir. 2010). That is a factual question requiring the court to consider all factors bearing on value in the marketplace. *Id.* at 533.

> When evaluating a transfer for reasonable equivalency of value as compared to a money payment, a court must examine the whole transaction and measure all the benefits – whether they be direct or indirect. *Christians v. Crystal Evangelical Free Church ( In re Young),* 82 F.3d 1407, 1415 (8th Cir. 1996) (holding that the trustee could not recover tithes to a church under 11 U.S.C. § 548), *vacated*, 521 U.S. 1114, 117 S. Ct. 2502, 138 L. Ed. 2d 1007 (1997) (vacating for further consideration on the

---

[2]A "special relationship" includes one based on family relationship, friendship, or a close association. *In re May*, 12 B.R. 618, 627 (N.D. Fla. 1980). In addition, a spouse is considered to be an insider under the Bankruptcy Code. § 101(31)(A)(i); § 101(45).

>   legitimacy of the Religious Freedom Restoration Act), *reinstated*, 141 F.3d 854 (8th
>   Cir. 1998), *cert. denied*, 525 U.S. 811, 119 S. Ct. 43, 142 L. Ed. 2d 34 (1998). If the
>   measure for reasonable equivalency is the value of an indirect benefit then that
>   benefit must be tangible. *Richards & Conover Steel Co.*, 267 B.R. at 612–13.

*Meeks v. Don Howard Charitable Remainder Trust (In re S. Health Care of Ark., Inc.)*, 309 B.R. 314, 319 (B.A.P. 8th Cir. 2004).

Mrs. Dennis testified in her deposition that she made most of the pre-transfer mortgage payments from her own funds, although in her subsequently filed affidavit she appears to have backed away from that statement. A transferee's pre-transfer contributions for mortgage payments and renovation expenses may be relevant to determining whether reasonably equivalent value was paid. *Alexander v. Clark (In re Clark)*, 2008 WL 5044558, at *3-4 (Bankr. M.D. Ala. Oct. 2, 2008).

According to Mr. Dennis's bankruptcy schedules, the transfer rendered him insolvent. With the house, his assets exceeded his liabilities by $5,000.00, but without an ownership interest in the house, he had less than $15,000.00 in assets against nearly $55,000.00 in liabilities, a small portion of which was attributable to his liability on the mortgage note.

In any event, there are genuine issues of material fact as to the elements of a fraudulent transfer, so summary judgment would be premature.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 12) is denied.

DATED: February 2, 2012.

> BY THE COURT:
>
> /s/ Thomas L. Saladino
> Chief Judge

Notice given by the Court to:
    Mark John Malousek
    *Daniel R. Carnahan
    U.S. Trustee

*Movant is responsible for giving notice to other parties if required by rule or statute.